UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PAUL DEANTHONY BATTLE                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:24-CV-168-KHJ-MTP

HINDS COUNTY DETENTION CENTER, et al.                         DEFENDANTS

ORDER

This case is before the Court, sua sponte, for consideration of dismissal. Pro se Plaintiff Paul DeAnthony Battle is a pretrial detainee at the Tallahatchie County Correctional Facility. *See* Envelope [1-2]. He brings this Section 1983 action for damages, challenging the conditions of his prior confinement at the Hinds County Detention Center. Compl. [1] at 4–5. The Court has considered and liberally construed the pleadings. As set forth below, Defendant Hinds County Detention Center is dismissed.

I.   Background

Battle is currently being held at the Tallahatchie County Correctional Facility, but this case concerns his time at the Hinds County Detention Center in Raymond, Mississippi. *See* [1]; [1-2]. He brings this case against Defendants Hinds County Detention Center, Hinds County Sheriff Tyree Jones, and Hinds County Sheriff's Office employees Lieutenant Nelson Tyler, Sergeant Scott, Officer Terrell, Officer Dobtson, and Officer Brittany Milton. Resp. to Order [14] at 1; [1] at 1–2.

Generally, Battle complains of excessive force, denial of medical treatment, and his time on lockdown. [1] at 4–5; [14] at 1, 3.

First, Battle claims that, on October 24, 2023, he fled his housing unit out of fear for his safety. [1] at 4. When he did so, Scott allegedly pointed a taser at his head. *Id.* Battle claims he raised both his hands and was slowly backing away when Scott tased him in the chest, even though he was not resisting. *Id.* Scott then allegedly tased Battle twice more while Battle was on the ground. *Id.* The third tase allegedly lasted fifteen minutes and caused Battle to urinate on himself. Resp. to Order [12] at 3; [1] at 4.

Battle contends Scott then put him in a lockdown cell, without a shower or medical attention. [12] at 3–4. Battle was allegedly inside the cell 24 hours a day for 20 days, without a shower or phone call. *Id.* at 4. He further maintains that he asked for medical attention for burn marks on his chest every day while in lockdown but was denied. *Id.* at 3. Specifically, he claims that he asked Scott every day, asked Dobston at least once, and asked Milton once about a week after the tasing, but they did not get him medical attention. [14] at 1.

One week after Battle was released from lockdown, he alleges that Tyler ordered Terrell to put Battle back in lockdown, after Tyler searched his cell and found a cell phone in a mattress that the jail issued to Battle. [12] at 1–2; [1] at 5. Both times he was put in lockdown, he maintains he had just received commissary items, which were taken by Tyler and stolen by other inmates. [12] at 1–2; [1] at 4–5. He estimates the total loss of commissary items to be $350. [1] at 5.

2

As for the conditions on lockdown, Battle claims there was blood on the floor and toilet and feces "all over the wall." [12] at 2. He alleges he was without blankets, clothes, a toothbrush, or toothpaste because they were left in his regular cell. *Id.*

On March 25, 2024, Battle filed this action under 42 U.S.C. § 1983. He asserts excessive force, denial of medical treatment and due process, and unreasonable search and seizure claims. [12] at 1–4; [14] at 1–2. Battle also brings these claims against Sheriff Jones because they allegedly occurred "under his supervision." [12] at 1.

II.    Analysis

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. It provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (cleaned up). "[I]n an action proceeding under [S]ection 1915[], [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised . . . ." *Ali v. Higgs*, 892

F.2d 438, 440 (5th Cir. 1990). "Significantly, the [C]ourt is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Battle to proceed *in forma pauperis* in this action. So his [1] Complaint is subject to *sua sponte* dismissal under Section 1915.

Battle sues, among others, the Hinds County Detention Center under Section 1983. The jail's capacity to be sued is determined according to state law. Fed. R. Civ. P. 17(b)(3). Under Mississippi law, a jail is not a separate legal entity capable of being sued; rather, it is considered an extension of the county. *Tuesno v. Jackson*, No. 5:08-CV-302, 2009 WL 1269750, at *1 (S.D. Miss. Apr. 30, 2009); *cf. Brown v. Thompson*, 927 So. 2d 733, 737 (Miss. 2006) (sheriff's departments). Thus, the Hinds County Detention Center is not a proper party and should be dismissed.

III. Conclusion

For the reasons stated, the Court DISMISSES the claims against Hinds County Detention Center WITH PREJUDICE as frivolous. The remainder of this case shall proceed. The Clerk of Court shall mail a copy of this Order to Battle at his address of record.

SO ORDERED, this 22nd day of November, 2024.

                                         s/ *Kristi H. Johnson*
                                         UNITED STATES DISTRICT JUDGE