UNITED STATES DISTRICT COURT
SOUTHERN DISCTRICT OF MISSISSIPPI
NORTHERN DIVISION

PAUL DEANTHONY BATTLE, #22300002839                                    PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:24CV168-KHJ-MTP

TYREE JONES, JOHN DOES, NELSON
TYLER, SERGEANT SCOTT, OFFICER
TERRELL, OFFICER DOBTSON, and
BRITTANY MILTON                                                        DEFENDANTS

## DEFENDANT OFFICER JAMES DOTSON'S ANSWER AND DEFENSES

Defendant Officer James Dotson[1] ("this Defendant") files this his Answer and Defenses to

Plaintiff Paul Deanthony Battle's Complaint [Dkt. #1] as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted and, under

Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Defendant requests that the claims

against him be dismissed.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction because Plaintiff has failed to exhaust his

administrative remedies as required by law.  Plaintiff's failure to exhaust his administrative

remedies is an affirmative bar to the maintenance of this civil action and, as such, this action should

be dismissed.

---

[1]  Plaintiff's Complaint lists this Defendant as "Officer Dobtson." His name is James Dotson.

## THIRD DEFENSE

This Defendant specifically asserts and invokes all defenses available to him, under Fed. R. Civ. P. 12(b)(1) through 12(b)(7), including, specifically, that this Court lacks subject matter jurisdiction over Plaintiff's claims.

## FOURTH DEFENSE

At all times pertinent to this proceeding, this Defendant acted in reliance on then existing law, policies, and procedures in good faith, without malice, reckless disregard, deliberate indifference, retaliatory motive, or injurious intent, and is therefore entitled to qualified immunity or a special good faith defense.

## FIFTH DEFENSE

Plaintiff suffered no loss or deprivation of any rights, privileges or immunities afforded to him by the United States Constitution or applicable federal or state law by this Defendant.

## SIXTH DEFENSE

Plaintiff's alleged loss, damage, or deprivation was not the proximate result of the execution of any official governmental policy, regulation, custom or practice attributable to this Defendant.

## SEVENTH DEFENSE

Plaintiff's injuries were caused by circumstances for which this Defendant cannot be held liable.

## EIGHTH DEFENSE

The factual allegations of Plaintiff's Complaint, and the conduct complained of, do not violate any clearly established statutory or constitutional right of Plaintiff, determined by the standard of objective reasonableness measured by reference to clearly established law under the

United States Constitution.  This Defendant is not guilty of any deliberate abuse of governmental power but had probable cause and lawful justification for all actions undertaken by him.

## NINTH DEFENSE

This Defendant's conduct, performed in good faith, did not violate clearly established rights of which a reasonable person would have known to be cognizable under 42 U.S.C. § 1983. Plaintiff's allegations do not rise to the level of a constitutional tort.

## TENTH DEFENSE

This Defendant alleges that any damages suffered by Plaintiff resulted from Plaintiff's own negligence or conduct, or were otherwise the result of unlawful, unforeseen, intervening, or superseding causes over which this Defendant had no control or liability.

## ELEVENTH DEFENSE

This Defendant specifically asserts and invokes all the rights and defenses available to him, including, but not limited to, those set forth in Rules 8(c) and 19 of the Fed. R. Civ. P., all defenses available to him under 42 U.S.C. § 1983, or applicable state or federal common law for which a good faith legal or factual basis exists in his favor.

## TWELFTH DEFENSE

Plaintiff's alleged damages, losses, or injuries, if any, are the proximate result of his own actions or omissions or those of other persons for whom this Defendant is neither liable nor responsible such that said actions constitute the sole proximate cause of Plaintiff's alleged injuries and complaints or are an intervening/superseding cause.  Alternatively, or affirmatively, Plaintiff's recovery should be barred or reduced under principles of comparative fault or contributory negligence.

**THIRTEENTH DEFENSE**

This Defendant asserts all affirmative defenses to which he may be entitled, including all statutes of limitation, repose, or statutory limitations of liability here available to him. In addition, this Defendant reserves the right to assert any other affirmative defenses to which he may be entitled once further discovery may be had in this proceeding.

**FOURTEENTH DEFENSE**

This Defendant invokes all defenses available to him under Mississippi's Tort Reform Acts of 2003 and 2004, including, but not limited to, Miss. Code Ann. §§ 11-1-60, 11-1-65, 11-1-69, and 85-5-7.

**FIFTEENTH DEFENSE**

This Defendant enjoys qualified immunity against any claims Plaintiff makes against him in his Complaint.

**SIXTEENTH DEFENSE**

This Defendant is entitled to the protection of sovereign immunity from lawsuit and liability under Miss. Code Ann. § 11-46-1 et seq., the provisions of which bar these claims. Officer Dotson also asserts all substantive and procedural defenses available to him under Miss. Code Ann. §§ 11-46-1 et seq., including those found in §§ 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13, 11-46-15, and 11-46-17. To the extent Plaintiff's Complaint may seek a jury trial on any state-law claim, Officer Dotson moves to strike this demand.

**SEVENTEENTH DEFENSE**

Plaintiff's claims may be barred by the doctrines of estoppel, laches, collateral estoppel, judicial estoppel, or res judicata and all other equitable defenses under Fed. R. Civ. P. 8(c).

## ANSWER

And now, answering the allegations in Plaintiff's Complaint [Dkt. #1], paragraph by paragraph, this Defendant shows as follows:

## COMPLAINT

In response to the allegations in Paragraph 1, beginning on Page 1 of the Complaint, it is admitted only that Paul Deanthony Battle is plaintiff here and was incarcerated at the Hinds County Detention Center in Raymond, Mississippi at the time of the filing of the Complaint. Otherwise, this Defendant is without sufficient knowledge or information about the other allegations and enters a general denial to them.

In response to the allegations in Paragraph 2, beginning on Page 1 of the Complaint, to the extent these allegations are addressed to a codefendant, no answer is required of this Defendant. To the extent these allegations are directed to this Defendant, it is admitted only that this Defendant was a correctional officer at the Hinds County Detention Center in Raymond, Mississippi during the relevant period.  Otherwise, denied.

In response to the allegations in Paragraph 3, beginning on Page 2 of the Complaint, this Defendant is without sufficient knowledge or information necessary to respond to those allegations and therefore enters a general denial to them.

In response to the allegations in Paragraph 4, beginning on Page 2 of the Complaint, this Defendant is without sufficient knowledge or information necessary to respond to those allegations and therefore enters a general denial to them.

In response to the allegations in Paragraph 5, beginning on Page 2 of the Complaint, this Defendant is without sufficient knowledge or information necessary to respond to those allegations and therefore enters a general denial to them.

In response to the allegations in Paragraph 6, beginning on Page 2 of the Complaint, this Defendant is without sufficient knowledge or information necessary to respond to those allegations and therefore enters a general denial to them.

In response to the allegations in Paragraph 7.A., beginning on Page 3 of the Complaint, this Defendant is without sufficient knowledge or information necessary to respond to those allegations and therefore enters a general denial to them.

In response to the allegations in Paragraph 7.B., beginning on Page 3 of the Complaint, this Defendant is without sufficient knowledge or information necessary to respond to those allegations and therefore enters a general denial to them.

In response to the allegations in Paragraph 7.C., beginning on Page 3 of the Complaint, this Defendant is without sufficient knowledge or information necessary to respond to those allegations and therefore enters a general denial to them.

In response to the allegations in Paragraph 7.D., beginning on Page 3 of the Complaint, this Defendant is without sufficient knowledge or information necessary to respond to those allegations and therefore enters a general denial to them.

In response to the allegations in Paragraph 8, beginning on Page 4 of the Complaint, this Defendant is without sufficient knowledge or information necessary to respond to those allegations and therefore enters a general denial to them.

In response to the allegations in Paragraph 9(1), beginning on Page 4 of the Complaint, this Defendant is without sufficient knowledge or information necessary to respond to those allegations and therefore enters a general denial to them.

In response to the allegations in Paragraph 9(2), beginning on Page 5 of the Complaint, these allegations are addressed to codefendants, thus, no answer is required of this Defendant.

In response to Paragraph 10, beginning on Page 5 of the Complaint, it is admitted only that Plaintiff is seeking relief from the named defendants. Otherwise, denied.

## **EIGHTEENTH DEFENSE**

Plaintiff was afforded all protections due him under the United States Constitution. Any action by this Defendant was reasonable and proper and complied with all constitutional standards and that there was no violation at all of Plaintiff's constitutional or other rights. This Defendant was not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiff, including any need for medical treatment. Additionally, all policies and procedures this Defendant followed at the Hinds County Detention Center were adequate, proper, reasonable, and conformed to all constitutional standards or requirements.

## **NINETEENTH DEFENSE**

This Defendant specifically invokes and pleads all defenses to which he may be entitled under the Prison Litigation Reform Act, 42 U.S.C. § 1997.

## **TWENTIETH DEFENSE**

To the extent Plaintiff's claims seek punitive damages, this Defendant asserts and raises all rights guaranteed by the United States Constitution and Mississippi Constitution, and the protections afforded by Miss. Code Ann. § 11-1-65.

And now, having fully answered the Complaint [Dkt. #1] filed against him Officer James Dotson asks that he be dismissed at the cost of Plaintiff.

### **OFFICER JAMES DOTSON, DEFENDANT**

Dated: January 8th, 2025.

By:    /s/ Charles W. Kihm
CHARLES W. KIHM (MSB #106826)
WISE, CARTER, CHILD & CARAWAY, P.A.
Post Office Box 651

Jackson, Mississippi 39205
T: (601) 944-7731
cwk@wisecarter.com

CHARLES E. COWAN (MSB #104478)
WISE, CARTER, CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205
T: (601) 968-5500
cec@wisecarter.com

## CERTIFICATE OF SERVICE

I, Charles W. Kihm, hereby certify that I have electronically filed the foregoing with the Clerk of Court using the ECF system, which automatically sent email notification to all counsel of record. I also served a copy of the foregoing on the following non-ECF participant:

Paul Deanthony Battle
#22-30000 2839
Tallahatchie County Correctional Facility
19351 U.S. Highway 49 N.
Tutwiler, MS 38963

This the 8th day of January 2025.

/s/ *Charles W. Kihm*
CHARLES W. KIHM