### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**PAUL DEANTHONY BATTLE**                                          **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO.: 3:24-CV-168-KHJ-MTP**

**TYREE JONES, et al.**                                          **DEFENDANTS**

### TYREE JONES, LT. NELSON TYLER, JOHN SCOTT,
### AND BRITTANY MILTON'S OPPOSITION TO
### <u>PLAINTIFF'S RESPONSE [12] TO ORDER [9]</u>

Defendants, Tyree Jones, Lt. Nelson Tyler, John Scott, and Brittany Milton, by and through counsel, submit their Opposition to Plaintiff's Response [12] to Order [9], as follows:

### <u>FIRST DEFENSE</u>

Plaintiff's Response fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### <u>SECOND DEFENSE</u>

Plaintiff's Response fails to state facts against answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### <u>THIRD DEFENSE</u>

Answering defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Tyree Jones, Nelson Tyler, John Scott, and Brittany Milton are entitled to qualified immunity in this matter. Specifically, Jones, Tyler, Scott, and Milton would affirmatively aver that Plaintiff's Response fails to allege a violation of a clearly established constitutional right and that, at all times, his conduct was objectively reasonable.

**FIFTH DEFENSE**

Insofar as any state law claims are concerned, the answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**SIXTH DEFENSE**

Answering defendants deny that they have been guilty of any actionable conduct.

**SEVENTH DEFENSE**

**ADMISSIONS AND DENIALS**

And now without waiving any defenses heretofore or hereinafter set forth, the answering defendants respond to Plaintiff's Response, paragraph by paragraph, as follows:

**RESPONSE [12]**

(1)     Answering defendants deny the allegations of paragraph (1) of Plaintiff's Response [12].

(2)     Answering defendants deny the allegations of paragraph (2) of Plaintiff's Response [12], as stated.

(3)(4)   Answering defendants deny the allegations of paragraph (3)(4) of Plaintiff's Response [12], as stated.

## **EIGHTH DEFENSE**

Answering defendants are protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

## **NINTH DEFENSE**

Answering defendants aver that they have met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incidents in question.

## **TENTH DEFENSE**

Answering defendants allege Plaintiff's claims may be barred by, and answering affirmatively plead: accord and satisfaction, failure to mitigate, lack of standing, arbitration and award, assumption of risk, superseding and intervening cause, contributory negligence, discharge in bankruptcy, superseding and intervening cause, duress, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release and/or estoppel, *res judicata*, statute of limitations, statute of fraud, abstention and any other matter constituting an avoidance or affirmative defense available to answering defendants.

## **ELEVENTH DEFENSE**

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned.   Additionally, answering defendants would affirmatively state that the

Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a)     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c)     The procedures fail to provide a limit on the amount of the award against the defendant.

(d)     The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e)     The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f)     The procedures permit multiple awards of punitive damages for the same alleged act.

(g)     The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h)     The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)    The standard of conduct upon which punitive damages are sought is vague.

## TWELFTH DEFENSE

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## THIRTEENTH DEFENSE

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

## FOURTEENTH DEFENSE

Answering defendants would state at all times material to the allegations of the Response, their actions were in good faith without malice and within the scope and course of employment.

## FIFTEENTH DEFENSE

Any allegations contained in Plaintiff's Response, which are not specifically admitted, are hereby denied.

## SIXTEENTH DEFENSE

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having fully answered the allegations of Plaintiff's Response, the answering defendants request that the Response be dismissed and discharged with costs assessed against Plaintiff.

**DATE:        February 5, 2025.**

Respectfully submitted,

**TYREE JONES, LT. NELSON TYLER, JOHN SCOTT, AND BRITTANY MILTON**

By:     /s/ *William R. Allen*
            One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
KEVIN J. WHITE (MSB #101619)
WILLIAM D. BOYD (106220)
Butler Snow, LLP
1020 Highland Colony Pkwy.
Suite 1400
Ridgeland, MS 39157
Tel: 601-948-5711
Fax: 601-985-4500
Email:  will.allen@butlersnow.com
Email:  kevin.j.white@butlersnow.com
Email:  will.boyd@butlersnow.com

## <u>CERTIFICATE</u>

I, the undersigned, of Butler Snow, LLP, one of the attorneys for Defendants, Tyree

Jones, Lt. Nelson Tyler, John Scott, and Brittany Milton, hereby certify that on this day, I

electronically filed the foregoing Opposition to Plaintiff's Response [12] with the Clerk of

the Court using the ECF system, which gave notification of the same to:

> Charles E. Cowan, Esq.
> Wise, Carter, Child & Caraway, PA
> P. O. Box 651
> Jackson, MS 39201
> cec@wisecarter.com

> Charles W. Kihm, Esq.
> Wise, Carter, Child & Caraway, PA
> P. O. Box 651
> Jackson, MS 39201
> cwk@wisecarter.com
> *Attorneys for Defendant Officer James Dotson*

and delivered a true and actual copy via U.S. Mail to:

> Paul DeAnthony Battle
> #07700090997
> Tallahatchie County Correctional Facility
> 19351 U.S. Highway 49 N.
> Tutwiler, MS 38963
> *Pro Se Plaintiff*

This the 5th day of February 2025.

> /s/ *William R. Allen*
> OF COUNSEL

92290960.v1

7