UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PAUL DEANTHONY BATTLE**                                                                                      **PLAINTIFF**

**VERSUS**                                                             **CIVIL ACTION NO. 3:24cv168-KHJ-MTP**

**TYREE JONES, JOHN DOES, NELSON
TYLER, JOHN SCOTT, TERRELL
THORNTON, JAMES DOTSON, and
BRITTANY MILTON**                                                                                                **DEFENDANTS**

### OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the Court on June 26, 2025. Plaintiff Paul Deanthony Battle appeared *pro se*. William Douglas Boyd, Esquire, appeared on behalf of Defendants Tyree Jones, Nelson Tyler, John Scott, and Brittany Milton. Charles E. Cowan, Esquire, and Charles Walter Kihm, Esquire, appeared on behalf of Defendant James Dotson. The Court scheduled the hearing for the purpose of conducting a *Spears*[1] hearing. The Court's purpose in conducting the hearing is to ensure the just, speedy, and inexpensive determination of this *pro se* prisoner litigation. Having considered the case issues, the Court finds and orders as follows:

### JURISDICTION AND SUMMARY OF CLAIMS

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. This lawsuit arises from Plaintiff's pretrial detention at the Hinds County Detention Center. His claims and relief sought were clarified and amended by his sworn testimony at the *Spears* hearing.[2]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[2] *See Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the Complaint); *Flores v. Livingston*, 405 F. App'x 931, 932 (5th Cir. Dec. 27, 2010).

On October 24 or 25, 2023, Battle claims Scott tased him three successive times in the chest, unnecessarily. Allegedly, the third time caused Battle to urinate on himself. He contends Scott then had him put in a lock-down cell.

Battle was allegedly locked down 24 hours a day for 15 days, with no shower or medical attention for burn marks on his chest. He was then let out of the cell for an hour and a shower, then was placed back in for another 15 days. While in lock-down, he alleges that he spoke with Dotson and Milton, but they did not help him.

One week after Battle was released from lock-down, he alleges that Tyler searched his regular cell and found a cellular phone. Battle claims Tyler ordered Thornton to place him back in lock-down but did not question or punish his cellmate. Tyler allegedly packed up Battle's personal property and "commissary" items, but Plaintiff did not get them back. Both times in lock-down, Battle maintains he had just received "commissary", which was taken.

Thornton allegedly placed him in a lock-down cell that had feces rubbed on the wall and blood on the floor and toilet. The first night he had to sleep on the floor, and afterwards on a mat. Plaintiff was in the cell for about a week.

The Court construes the allegations as claims for excessive force, denial of medical treatment, and deprivation of due process. Plaintiff brings all claims against Sheriff Jones, because he is in charge of the jail.

**DISCOVERY AND CASE MANAGEMENT ISSUES**

Defendants shall produce: (1) any incident report relating to the alleged tasing or cell phone incident, (2) any Rule Violation Reports or other disciplinary procedures relating to Plaintiff from October 24, 2023 to December 1, 2023, (3) any records of commissary items purchased by or on behalf of the Plaintiff while at the Hinds County Detention Center from

October 1 to November 30, 2023, (4) any records of the property and commissary items removed from Plaintiff's cell in October or November of 2023, (5) any Administrative Remedy Program requests, grievances, and letters that he filed, mailed, or attempted to file from October 24, 2023 to date regarding his claims, (6) any responses to those requests, grievances, and letters, (7) Plaintiff's institutional file showing his housing or cell assignments from October 1, 2023 to December 31, 2023, and (8) the names of witnesses with knowledge of the events in question or that Defendants will rely on to support their defenses.

Plaintiff shall produce the names of witnesses with knowledge of the events in question or that Plaintiff will rely on to support his claims.

The parties are also directed to produce any documents or items not previously produced, that they may use to support their claims or defenses.

The parties are directed to produce the documents/information outlined in this Order, or any objection thereto, and file a notice of service of their discovery production on or before **July 28, 2025**.  In their notice of service, the parties should identify the documents and information produced and indicate if any document or information is not produced.  The notice of service shall reference discovery produced at the omnibus hearing, if any.

The discovery allowed herein will fairly and adequately develop the issues to be presented to the Court and is deemed reasonable and appropriate given the scope of the issues and claims brought.  *See* Federal Rule of Civil Procedure 26(b)(1).  The parties shall not propound additional discovery requests unless leave of court is requested and obtained.

## MOTIONS DEADLINES

The deadline for filing motions is **October 1, 2025**.  Any responses to a motion shall be filed within two weeks of the filing of the motion.

## OTHER ISSUES

**Change of Address**

Plaintiff's failure to advise the Court of a change of address or failure to comply with any order of the Court will be deemed as a purposeful delay and may be grounds for dismissal without further notice to the Plaintiff.

SO ORDERED, this the 30th day of June, 2025.

s/Michael T. Parker<br>
UNITED STATES MAGISTRATE JUDGE