IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PAUL DEANTHONY BATTLE, #22300002839**  **PLAINTIFF**

v.                       CIVIL ACTION NO. 3:24-CV-168-KHJ-MTP

**TYREE JONES, JOHN DOES, NELSON
TYLER, SERGEANT SCOTT, OFFICER
TERRELL, OFFICER DOTSON, and
BRITTANY MILTON**                **DEFENDANTS**

## DEFENDANT OFFICER JAMES DOTSON'S MEMORANDUM BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Defendant Officer James Dotson ("Officer Dotson") files this his Memorandum Brief in Support of his Motion for Summary Judgment as follows:

### INTRODUCTION

Plaintiff Paul Deanthony Battle, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 alleging, as to Officer Dotson, that he was denied proper medical treatment of taser burn marks on his chest while he was incarcerated as a pretrial detainee at the Hinds County Detention Center in Raymond, Mississippi. Plaintiff claims that he was denied medical treatment after Defendant Sergeant Scott tased him leaving "burn (sic) and pink flesh on [his] chest from the taser." [Dkt. #14], at 1. Specifically, as to Officer Dotson, Plaintiff alleges he failed to help him obtain medical treatment after Plaintiff allegedly told Officer Dotson that he had not been seen by medical personnel following his being tased by Defendant Officer Scott. *Id.*; *see* [Dkt. #56], at 2. Plaintiff fails to allege facts sufficient to overcome qualified immunity against Officer Dotson. Plaintiff can present no evidence that Officer Doston violated his constitutional rights and even if he was able to, he can point to no Supreme Court or Fifth Circuit precedent showing that right was clearly established at the time his claim arose.

1

The marks on Plaintiff's chest healed on their own and Plaintiff does not claim to have suffered any lasting damages from this injury. There is nothing in Plaintiff's medical file and jail file that indicates Plaintiff ever complained of or sought treatment for the alleged burn injury to his chest. *See* Exhibit "A"; Jail Medical File, Exhibit "B."[1]

Plaintiff's claim against Officer Doston is facially inadequate to overcome qualified immunity under 42 U.S.C. § 1983. As evidenced by Plaintiff's pleadings, his testimony at the Omnibus hearing, and his failure to seek medical treatment, "it cannot be concluded from the evidence before the Court that Plaintiff's injury was objectively serious, as required by the Eighth Amendment for a finding of deliberate indifference." *Teague v. Arnold*, 2023 WL 5166386, at *6 (S.D. Miss. June 16, 2023). Thus, there is no violation of the Fourteenth Amendment for deliberate indifference to a serious medical need. But even if there were, Plaintiff cannot point to any clearly established law in the Supreme Court or Fifth Circuit that can overcome Officer Doston's qualified immunity defense. Consequently, Plaintiff's claims against Officer Dotson should be dismissed with prejudice.

## LEGAL STANDARD ON SUMMARY JUDGMENT

Parties moving for summary judgment must provide the Court with their basis and identify the portions of the record that establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once moving parties have supported their motion, non-moving parties must respond by setting forth "specific facts showing that there is a genuine issue for trial." *Id.* at 324. "The moving party bears the initial burden of showing that there is no genuine issue for trial; it may do so by pointing out the absence of evidence supporting the nonmoving party's case." *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995)

---

[1] Officer Doston is filing a placeholder exhibit for Plaintiff's medical records (Exhibit "B"). He is filing a separate motion requesting to file those records restricted from public access on the ECF docket.

(quotation marks and citation omitted).  If the moving party satisfies its burden, "the nonmoving party who has the burden of proof at trial must come forward with summary judgment evidence establishing the existence of a genuine issue; that evidence must be such that, if introduced at trial would suffice to prevent a directed verdict against the nonmovant." *Id*.

## BACKGROUND LAW

Officer Doston invokes the defense of qualified immunity.  "Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Baker v. Coburn*, 68 F.4th 240, 245 (5th Cir. 2023), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  *See also Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) ("The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal.").

To determine whether the doctrine applies, the Court must ask: **(1)** "whether an official's conduct violated a statutory or constitutional right of the plaintiff"; and **(2)** "whether the right was 'clearly established' at the time of the violation." *Baker*, 64 F.4th at 245 (citation omitted).  The district court can address these factors in "whatever order [it] deems most expeditious." *Babinski v. Sosnowsky*, 79 F.4th 515, 520 (5th Cir. 2023) (internal quotes omitted).  Importantly, once a defendant invokes the defense of qualified immunity, the burden falls on the plaintiff to prove that qualified immunity does not apply. *See, id.*  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341 (1986), so courts grant immunity unless "existing precedent [has] placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).  Furthermore, courts cannot establish law "at a high level of generality." *Id.* at 742.  Rather, the question must be

3

"frame[d]…with specificity and granularity." *Morrow v. Meachum*, 917 F.3d 870, 874-75 (5th Cir. 2019). In conducting a qualified immunity analysis, courts must examine individually each officer's individual conduct. *See Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007).

The most straightforward manner to approach Officer Doston's qualified immunity defense is to ask whether he violated Plaintiff's constitutional rights. The deliberate indifference standard is used to evaluate section 1983 claims challenging conditions of confinement in prisons. An inmate's claim of inadequate medical treatment is subject to the Fourteenth Amendment's due process guarantee when that prisoner is a pretrial detainee, like Plaintiff was here. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996).

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't. of Criminal Justice*, 91 F. App'x. 963, 964 (5th Cir. 2002) (citations omitted). Deliberate indifference "is an extremely high standard to meet."[2] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2003) (internal quotation marks and citation omitted). Only when an official *knows of* and *disregards* an excessive risk to a prisoner's health or safety does that official's conduct constitute deliberate indifference. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (citations omitted) (emphasis added).

To establish deliberate indifference to his health, a prisoner plaintiff must have a serious medical need. "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Toomer*, 2020 WL 1286215, at *3, quoting *Gobert*, 463 F.2d at 345, n.12. "Delay in medical care can

---

[2] The Fifth Circuit "has interpreted the test of deliberate indifference as a significantly high burden for plaintiffs to overcome." *Hernandez v. Texas Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 882 (5th Cir. 2004) (citation omitted).

4

constitute a [constitutional] violation, but only 'if there has been deliberate indifference [that] results in substantial harm.'" *Id.*, quoting *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

For Plaintiff to establish deliberate indifference here, he must first establish that he had a "serious medical need," and Plaintiff must then "submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other conduct that would similarly evidence a wanton disregard for any serious medical needs." *Davidson*, 91 F. App'x. at 965 (internal quotation marks and citation omitted). The conduct Plaintiff alleges must "rise[] to the level of egregious intentional conduct to satisfy the exacting deliberate indifference standard." *Gobert*, 463 F.3d at 351.

## ARGUMENT

I. **Officer James Dotson is entitled to summary judgment under the doctrine of qualified immunity because there was no constitutional violation and even if there was it was not clearly established under controlling precedent.**

Plaintiff's claim against Officer Dotson has no evidence establishing Officer Dotson's perception, or existence, of a serious medical need. As the following analysis shows, Officer Dotson is entitled to qualified immunity against Plaintiff's claims against him.

Plaintiff's only claim against Officer Dotson is that Dotson allegedly failed to "help" Plaintiff obtain medical treatment for burn marks on his chest.[3] [Dkt. #14], at 1; [Dkt. #56], at 2. At the Omnibus Hearing Plaintiff testified that the alleged burn marks from the two tiny taser prongs healed on their own. [Dkt. #59], at 25. Yet there is no medical evidence that Plaintiff ever sought treatment for the burn marks. *See* Exhibit "A." Plaintiff has failed to demonstrate the existence of a serious medical need pertaining to the alleged injury, and no evidence has been put

---

[3] Officer Doston reserves his right to challenge Plaintiff's characterization of the interaction Plaintiff alleges he had with him. For purposes of this Motion only, Officer Dotson accepts as true Plaintiff's characterization of that interaction he testified about at the June 26, 2025 omnibus hearing.

forth whatsoever in support of his claim. Plaintiff's allegations on their own fail; he has failed to "allege facts demonstrating the existence of a serious medical need." *Rogers v. Caswell*, 2019 WL 10599666, at *4 (N.D. Tex. Feb. 13, 2019). "This omission, standing alone, defeats any claim for deliberate indifference." *Id.* Plaintiff has merely alleged that he had small, temporary burn marks on his chest from where the taser prongs contacted him. Federal courts around the country have held that minor burns are not sufficient to constitute a "serious medical need." *Id.*, citing *Cole v. Fischer*, 416 F. App'x 111, 113 (2d Cir. 2011) (affirming district court's dismissal of deliberate indifference claim where warmth from a hot-pack caused a "small second-degree burn," which "was not sufficiently serious to cause possible death, degeneration, or extreme pain, or offend evolving standards of decency") (internal quotation marks and citation omitted); *Roebling v. City of Tuscaloosa*, 2015 WL 7433147, at *5 (N.D. Ala. Oct. 30, 2015) (noting that "[c]ourts sitting within this circuit have determined as a matter of law that minor burns do not constitute objectively serious medical needs for purposes of deliberate indifference'"), citing *Walsberg v. Fla. Dep't of Corr.,* 2011 WL 2420244 at *4 (N.D. Fla. May 10, 2011); *Hayward v. Kile,* 2009 WL 2045925, at *8 (S.D. Ga. June 12, 2009).

"Indeed, other courts have gone further and held as a matter of law that even more severe second-degree burns do not constitute serious medical needs and have dismissed claims for deliberate indifference on that basis." *Roebling*, 2015 WL 7433147, at *6, citing *Rios v. Santa Clara Cty. Dept. Of Corr.,* 2002 WL 1285045, at *1–2 (N.D. Cal. June 5, 2002); *Sperow v. Seay,* 1991 WL 60580, at *2 (N.D. Ill. Apr. 15, 1991); *Cole,* 416 Fed. Appx. at 113; *Pressley v. Green,* 2004 WL 2978279, at *4 (S.D.N.Y. Dec. 21, 2004).

In any event, Plaintiff does not claim he suffers from any scarring. At the omnibus hearing, Plaintiff admits he had no lasting injury from the alleged burn. [Dkt. #59], at 25. But even if he

6

did, "where 'scarring from a burn forms the basis of an inmate's claim for deliberate indifference most courts that have addressed the issue have concluded that a burn does not constitute a serious medical need.'" *Roebling*, 2015 WL 7433147, at *6., citing *Walsberg,* 2011 WL 2420244, at *4 (citation omitted); *Wade,* 2009 WL 776985, at *10–12.  "[A] first-degree burn—including any associated scarring—does not constitute an objectively serious medical need which can support a claim for deliberate indifference."  *Id.*, at *6.

As a matter of law, Officer Dotson cannot be held to be deliberately indifferent to a minor injury such as the alleged burn from the taser prongs and there can be no constitutional violation, which entitles Officer Dotson to qualified immunity.  And even if it was a constitutional violation, that right was not clearly established under any controlling Supreme Court or Fifth Circuit precedent.  Plaintiff's claims against Officer Dotson are facially inadequate and summary judgment should be granted as to all claims against him.

## II. Plaintiff has failed to demonstrate Officer Dotson's deliberate indifference based on a subjective perception of a serious medical need.

Although Plaintiff's failure to demonstrate a sufficiently serious injury is dispositive of his claims against Officer Dotson, even assuming Plaintiff's injury was sufficiently serious, Plaintiff has failed to assert facts that would rise above a claim for mere negligence.

"A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Gobert*, 463 F.3d at 346.  "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required."  *Id.*, at 345 n.12 (citations omitted).

To overcome summary judgment, "[the Plaintiff] need[s] to raise a fact dispute on whether

7

[the guards] were each 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and actually 'dr[ew] the inference.'" *Rogers v. Jarrett*, 63 F.4th 971, 976 (5th Cir. 2023), quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "We have likewise been clear: '[L]iability attaches only if [officials] actually knew—not merely should have known—about the risk.'" *Id.* at 977, quoting *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528 (5th Cir. 1999). Plaintiff has failed to allege any facts indicating that treatment had been recommended or that Officer Dotson subjectively recognized that medical care was required. Plaintiff's allegations indicate that the only injuries suffered were minor burns to his chest. In his complaint, Plaintiff puts forth no facts that Officer Dotson subjectively perceived that immediate medical care was required.

Plaintiff's claim that Officer Dotson failed to help him obtain medical treatment for his minor burn wounds is *at most* a claim for negligence because Plaintiff is claiming that Officer Dotson, in essence, "should have known" about his need for treatment because Plaintiff told him he had not yet been seen by medical staff. Plaintiff has no evidence that Officer Dotson was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and actually 'dr[ew] the inference.'" *Rogers*, 63 F.4th at 976, quoting *Farmer*, 511 U.S. at 837. This is a separate basis for entry of summary judgment as to Plaintiff's claims against Officer Dotson.

## **CONCLUSION**

For the reasons discussed above, Defendant Officer James Dotson is entitled to qualified immunity and Plaintiff's claims under 42 U.S.C. § 1983 against him should be dismissed with prejudice under Fed. R. Civ. P. 56.

Respectfully submitted,

**OFFICER JAMES DOTSON, DEFENDANT**

By: /s/ *Charles W. Kihm*

**OF COUNSEL:**

CHARLES E. COWAN (MSB #104478)
CHARLES W. KIHM (MSB #106826)
WISE, CARTER, CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205
T: (601) 968-5500
cec@wisecarter.com
cwk@wisecarter.com

**CERTIFICATE OF SERVICE**

I, Charles W. Kihm, hereby certify that I have electronically filed the foregoing with the Clerk of Court using the ECF system, which automatically sent email notification to all counsel of record. I also served a copy of the foregoing on the following non-ECF participant:

Paul Deanthony Battle
205 Colonial Drive
Jackson, MS 39204

This the 31st day of July 2025.

/s/ *Charles W. Kihm*
CHARLES W. KIHM