**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**PAUL DEANTHONY BATTLE**                                                   **PLAINTIFF**

**VS.**                                                    **Civil Action No. :  3:24-cv-168-MTP**

**TYREE JONES, JOHN DOES, NELSON
TYLER, SERGEANT SCOTT, OFFICER
TERRELL, OFFICER DOTSON, and
BRITTANY MILTON**                                                   **DEFENDANTS**

<u>**MEMORANDUM OF SUPPORT OF DEFENDANT'S MOTION TO STAY**</u>

Defendant Officer James Dotson ("Officer Dotson") files this Memorandum in Support of

his Motion to Stay and in support thereof shows unto the Court as follows:

<u>**BACKGROUND**</u>

Plaintiff Deanthony Battle has sued Officer Dotson for claims arising out of his detention

at the Hinds County Detention Center.  [Dkt. #1]. Officer Dotson has filed a motion for summary

judgment based, in part, on the doctrine of qualified immunity. [Dkt. #60]; [Dkt. #62]. Filing such

a motion stays all discovery, including the attorney conference and initial disclosures.  For the

reasons explained below, the Court should stay discovery and related matters in this case until the

resolution of Defendants' motion.

<u>**ARGUMENT**</u>

**I.      The Local Rules require staying discovery pending resolution of a motion
         asserting an immunity defense.**

Local Uniform Civil Rule 16(b)(3)(B) states that "[f]iling a motion to compel arbitration,

or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference

and disclosure requirements and all discovery, pending the court's ruling on the motion, including

any appeal." L. U. Civ. R. 16(b)(3)(B).  Defendant Officer Dotson has filed a motion for summary

judgment asserting qualified immunity to this suit, which should have stayed discovery and matters relating to attorney conference and disclosure requirements in this case. *See* [Dkt. #60]; [Dkt. #62].

Because Officer Dotson invokes qualified immunity, he should not be subject to discovery or these other related matters, and this case should be stayed. In any event, if there was any question as to the propriety of a discovery stay, this Court should exercise its discretion to stay discovery and other related matters. "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

## CONCLUSION

For the reasons stated above, Defendant Officer Dotson moves the Court to grant his Motion to Stay.

This, the 25th day of August, 2025.

Respectfully submitted,

**OFFICER JAMES DOTSON, DEFENDANT**

BY: */s/ Charles W. Kihm*
     CHARLES W. KIHM

**OF COUNSEL:**

CHARLES E. COWAN (MSB #104478)
CHARLES W. KIHM (MSB #106826)
WISE CARTER CHILD & CARAWAY, PA
401 E. Capitol Street, Suite 600
Post Office Box 651
Jackson, Mississippi 39205
Telephone: (601) 968-5514
Facsimile: (601) 968-5519
cec@wisecarter.com
cwk@wisecarter.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Charles W. Kihm, hereby certify that I have electronically filed the foregoing with the Clerk of Court using the ECF system, which automatically sent email notification to all counsel of record.  I also served a copy of the foregoing on the following non-ECF participant:

Paul Deanthony Battle
205 Colonial Drive
Jackson, MS 39204

This the 25th day of August 2025.

/s/ *Charles W. Kihm*
CHARLES W. KIHM