UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PAUL DEANTHONY BATTLE                                                                    PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 3:24cv168-MTP

TYREE JONES, JOHN DOES, NELSON
TYLER, JOHN SCOTT, TERRELL
THORNTON, JAMES DOTSON, and
BRITTANY MILTON                                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT AND DISMISSING DEFENDANT JAMES DOTSON

BEFORE THE COURT is Defendant James Dotson's Motion for Summary Judgment [60]. *Pro se* Plaintiff Paul Deanthony Battle is a former pretrial detainee of the Hinds County Detention Center, and he challenges his prior conditions of confinement. The Court having considered the Dotson's submissions, the record, and the relevant legal authority, finds that the motion should be granted, that the claims against him for failure to resolve safety and disciplinary complaints be dismissed *sua sponte*, and that Dotson be dismissed from this case.[1]

BACKGROUND

Battle was housed at the Hinds County Detention Center in late 2023. Among others, he sues Defendant Hinds County Officer James Dotson for conditions of confinement at the jail.

On October 24 or 25, 2023, Battle claims he left his housing unit without permission, out of fear for his safety. Subsequently, he claims he came across Officer John Scott, who tased him

---

[1] The case was reassigned, upon consent, to the undersigned on June 27, 2025. [55].

three successive times in the chest, unnecessarily. The third time allegedly caused Battle to urinate on himself. He contends Scott then had him put in a lock-down cell.

Battle was allegedly locked down 24 hours a day, for 15 days, with no shower or medical attention for Taser burns on his chest. Afterwards, he claims he was let out of the cell for an hour and a shower, then was placed back in for another 15 days.

The day after he was first put in lockdown, Battle testified, "And I was telling them I needed to see a nurse or something like that, because I had burn marks on my chest from the Taser." (Omnibus Tr. [59] at 14-15). That same day, Battle alleges he spoke with Officer Dotson, who oversees cell assignments:

> [a]nd he was telling me just tell him everything that happened, and he was going to let me out of lockdown.
> And so I explained to him what happened and why I had left out of my pod . . . for safety reasons and things like that, and basically he just put me back in the pod and did nothing about it.

*Id.* at 25. Battle also complains Dotson did not let him out of lockdown.

Battle filed his Complaint under 42 U.S.C. § 1983. He asserts claims for violations of detainees' basic human needs and due process under the Fourteenth Amendment. This includes claims against Dotson for not changing his housing assignment, not letting him out of lockdown, and, apparently, denying medical treatment. Battle seeks compensatory damages.

Officer Dotson has now moved for summary judgment on the medical claim and argues that there is no evidence he was deliberately indifferent to a serious medical need and that he did not violate clearly established law. Battle has not responded and the time for doing so has passed.

DISCUSSION

Battle sues Dotson under the Fourteenth Amendment for allegedly denying him a new cell assignment, release from lockdown, and medical attention.

I.      Denial of Medical Care

Battle contends he was denied medical care for Taser burns. Dotson alleges that there is no evidence that he was deliberately indifferent to Battle's need for medical care, if any.

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To make this determination, the Court must view the evidence in the light most favorable to the non-moving party. *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). A "material fact" is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute about a material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* The party that bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986). The Court considers evidentiary materials cited by the parties and may also "consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009).

Defendants must provide for the basic human needs, including shelter and reasonable safety, of pretrial detainees in their care. *Williams v. Yazoo City*, 41 F.4 416, 423 (5th Cir. 2022). When evaluating episodic acts of such alleged violations, the Court applies the deliberate indifference standard. *Hare v. City of Corinth*, 74 F.3d 633, 643, 650 (5th Cir. 1996). That is,

Plaintiff must prove that Defendant showed "'deliberate indifference' to a substantial risk of serious harm to [the] inmate." *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious,' . . . result[ing] in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) and *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Deliberate indifference occurs when the official subjectively "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Battle testified that he noticed pink flesh at the site of the burn marks on his chest. He further testified that, one day after he was tased, he asked "them" if he could see a nurse for burn "marks" and spoke with Dotson about, "what happened and why I had left out of my pod." (Omnibus Tr. [59] at 14-15, 25). This is the extent of the evidence of Dotson's subjective awareness of Battle's alleged injury. Viewed in the light most favorable to Plaintiff, this is evidence that Dotson was informed that Battle had one day old burn marks. There is no evidence that Battle complained to him about pain or that Dotson was otherwise aware of the extent of the alleged burn. Assuming that Battle was suffering from a serious medical need, there is no evidence that Dotson was subjectively aware of a substantial risk of serious harm to Battle. Therefore, the denial of medical care claim against Dotson must be dismissed.

II.     New Cell Assignment and Lockdown

This leaves Battle's claims that Dotson did not favorably resolve his safety and disciplinary complaints. The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this court. One of the provisions reads, "the court shall dismiss

4

the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [Title 28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* As the Court has permitted Battle to proceed *in forma pauperis* in this action, any meritless claims are subject to *sua sponte* dismissal under § 1915.

Battle sues Dotson for failing to resolve his complaints. Battle contends he explained to Dotson that he had only fled his housing unit because of safety concerns, but Dotson did not let Battle out of lockdown nor change his regular housing assignment. He "does not have a federally protected interest in having these grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Even the failure to investigate a grievance, by itself, does not rise to the level of a constitutional violation. *Id.* The remaining claims against Dotson will be dismissed as frivolous.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated above, Defendant James Dotson's Motion for Summary Judgment [60] is **GRANTED**. The denial of medical care claim against this Defendant is **DISMISSED WITH PREJUDICE.**

5

**IT IS FURTHER ORDERED AND ADJDUGED** that the remaining claims against Defendant Dotson are **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915e(2)(B)(i).

**SO ORDERED AND ADJUDGED**, this the 19th day of September, 2025.

s/ Michael T. Parker
UNITED STATES MAGISTRATE JUDGE
